OPPENHEIM v. LOWE.

FRAUDS, STATUTE OF—WRITTEN LEASE—ORAL PERMISSION TO ENTER PREMISES BEFORE OCCUPANCY NOT MODIFICATION OF LEASE.

  Where a written lease provided that the lessees should not be liable for rent until the premises were ready for occupancy, an oral agreement by the lessor that the lessees might install equipment before the building was ready for occupancy was not void under the statute of frauds, since there was no modification of the lease, but only an agreement covering an entry for a special purpose prior

Frauds, Statute of, 27 C. J. § 418.

to occupancy under the lease, which was binding upon the lessor.

Error to Wayne; Miller (Guy A.), J.    Submitted April 10, 1928.    (Docket No. 75.)    Decided June 4, 1928.    Rehearing denied July 24, 1928.

Summary proceedings by Louis Oppenheim against Merton E. Lowe and another for possession of leased premises.    There was judgment of restitution, and defendants appealed to the circuit court.    Judgment for defendants.    Plaintiff brings error.    Affirmed.

*William H. Kaplan* and *Francis Fitzgerald,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellees.

WIEST, J.    Plaintiff brought a summary proceeding, before a circuit court commissioner, to recover possession of premises for the nonpayment of rent, and obtained a judgment of restitution.    Defendants appealed to the circuit court, and, upon trial before the court without a jury, there was a finding of no rent due, and judgment was rendered in favor of defendants.    Plaintiff reviews by writ of error.

Plaintiff contemplated the erection of a building in the city of Detroit, and, before construction was started, entered into a written lease of the second floor to defendants, to commence when the building was ready for occupancy.    The lease was executed November 6, 1926, and we quote so much thereof as bears upon the points involved in this review:

"To have and to hold the said premises unto the lessees for the term beginning on the first day of June, A. D. 1927, and ending on the last day of May, A. D. 1942 (or until the said term shall sooner cease under the provisions hereof).

"It is understood that if the lessees shall be unable to enter into and occupy the premises hereby leased

at the time above provided by reason of the said premises not being ready for occupancy,  *  *  * the lessor shall not be liable in damages to the lessees therefor, but during the period the lessees shall be unable to occupy the said premises as hereinabove provided, the rental therefor shall be abated."

Construction of the building commenced in February or March, 1927, and was in progress on June 1, 1927.    The lease was for use of the premises for a bowling alley, billiard room, cigar store, and lunch counter.    Defendants ordered their equipment and the same arrived by rail before the completion of the building, and, they claim, plaintiff granted them leave to move the same into the building and have workmen make installation thereof.    Plaintiff claimed rent for the months of July and August, 1927, and, defendants refusing to pay, this proceeding was brought.

Counsel for plaintiff claim that a lease, required to be in writing, cannot be modified by a verbal agreement, while counsel for defendants say there was no modification, but merely a mutual understanding upon the subject of occupancy.    If, before the building was ready for occupancy under the terms of the lease, plaintiff consented that defendants might start to install their equipment, then defendants' occupancy did not come within the terms of the lease until such time as the building was completed, or so nearly finished as to render it fit for the use and occupancy specified in the lease.    This was the contention of the defendants and the finding of the trial judge.

Plaintiff claimed the rent commenced on July 1st, and defendants that the building was not ready for use and occupancy under the lease until the first of September.    Defendants paid two months' rent, and, if the building was not ready for use until September 1st, they were not in default in the payment of rent under the lease and plaintiff had no right of recovery. If the premises were ready for the rented use on July

1st, then defendants were in default in the payment of rent, and the judgment in the circuit should be reversed.

The defense made did not violate the rule that the lease could not be varied by parol agreement. The lease did not become operative, under its terms, until the building was ready for occupation and use for the rented purpose, and, if not so ready and plaintiff consented to installation of defendants' equipment therein, there was no change in the terms of the lease but only an agreement covering an entry for a special purpose prior to occupancy under the lease. This was permissible, and, if agreed to, bound plaintiff. The evidence sustains the finding of the circuit judge that the agreement claimed by defendants was made, and, up 'to September 1st, the lease did not become operative.

Judgment affirmed, with costs to defendants.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.